# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MELISSA CROSKEY,** on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:20-cv-3062 |
| v. | : : | JUDGE |
| **HOGAN SERVICES, INC.** | : : | MAGISTRATE JUDGE |
| -and- | : : | **JURY DEMAND ENDORSED HEREON** |
| **HOGAN TRANSPORTS, INC.** | : : : | |
| -and- | : : | |
| **HOGAN DEDICATED SERVICES, LLC** | : : | |
| Defendants. | : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Melissa Croskey ("Croskey," "Named Plaintiff," or "Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Hogan Services, Inc. ("HSI" or "Defendant HSI"), Hogan Transports, Inc. ("HTI" or "Defendant HTI"), and Hogan Dedicated Services, LLC ("HDS" or "Defendant HDS") (HSI, HTI, and HDS will be collectively referred to herein as "Defendants") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action

pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II.     THE PARTIES

### A. Plaintiff Croskey

4. Croskey is an individual, United States citizen, and resident of the State of Ohio.

5. At all times relevant herein, Wallace was employed by Defendants as a "Fleet Manager" from approximately July 2018 until April 2020.

6. As a Fleet Manager, Croskey was responsible for coordinating and tracking the transportation of freight for Defendants.

7. Defendants' use of the job title "Fleet Manager" and descriptions of claimed responsibilities and duties listed for Fleet Managers demonstrates their willful effort to evade

overtime payment requirements under the applicable state and federal laws for all employees working in such positions.

8. Defendants have been previously sued for misclassifying Fleet Managers as exempt and failing to pay Fleet Managers time and a half for all hours worked in excess of 40 hours per week.[1]

9. At all times relevant here, it has been Defendants' policy to uniformly misclassify Croskey and other Fleet Managers as exempt from federal and state overtime provisions and not to pay them any overtime wages despite their overtime work performed.

10. Instead, Defendants have maintained a policy to only pay Croskey and other Fleet Managers a salary of their regular hourly rate for forty (40) hours per week regardless of how many hours per week they worked.

11. At all times relevant here, it has been Defendants' policy not to pay Croskey and other Fleet Managers 1.5 times their regular rate of pay for hours worked over (40) hours per week.

12. The primary duties of Croskey and other Fleet Managers do not fall under any of the exemptions under FLSA or the Ohio Acts.

13. Croskey and other Fleet Managers' primary job duty was not managing employees.

14. Croskey and other Fleet Managers did not have or exercise executive or administrative authority consistent with any overtime exemption under the FLSA or Ohio Acts.

15. Defendants' designation of Croskey and other Fleet Managers as "salaried exempt" employees was in willful disregard of applicable federal and state wage laws that applied to Croskey and other Fleet Managers.

---

[1] *Fairfax v. Hogan Transports, Inc.*, S.D. OH Case No. 2:16-cv-00680, ECF No. 82.

16. Defendants regularly required Croskey and other Fleet Managers to work in excess of forty (40) hours per week. However, Defendants failed to pay them 1.5 times their regular rates of pay for these hours worked over forty (40) in a workweek.

17. By the conduct described in this Complaint, Defendants have violated the FLSA and the Ohio Acts by failing to pay Croskey and other Fleet Managers overtime wages they have earned and to which they are entitled by law; instead Defendants have only paid Croskey and other Fleet Managers a salary regardless of the numbers of hours they worked each workweek.

18. Croskey brings this action on behalf of herself and those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Croskey's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

### B. Defendants

19. Defendant HSI is a foreign for-profit corporation that operates and conducts substantial business activities in the Southern District of Ohio and jointly provides transportation and logistics services across the country, including: Alabama, Arkansas, Arizona, California, Florida, Georgia, Iowa, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Mississippi, Missouri, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Tennessee, Texas, Washington, and Wisconsin. Defendant HSI jointly employs the individuals working for Defendants.

20. Defendant HTI is a foreign for-profit corporation that operates and conducts substantial business activities in the Southern District of Ohio and jointly provides transportation and logistics services across the country. Defendant HTI jointly employs the individuals working for Defendants.

21. Defendant HDS is a foreign limited liability company that operates and conducts substantial business activities in the Southern District of Ohio and jointly provides transportation and logistics services across the country. Defendant HDS jointly employs the individuals working for Defendants.

22. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

23. During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

24. During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff and those similarly situated.

25. During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

26. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

27. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated.

28. During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

29. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiff and all other similarly situated employees.

30. Upon information and belief, Defendants jointly operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

31. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as recordkeeping laws of the State of Ohio.

32. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

### III. STATEMENT OF FACTS

33. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the Ohio Acts with respect to Plaintiff and other similarly situated Fleet Managers. This policy and pattern or practice includes, but is not limited to:

> a. willfully failing to pay Plaintiff and other similarly situated Fleet Managers overtime wages for hours that they worked in excess of 40 hours per workweek; and
>
> b. willfully misclassifying Plaintiff and other similarly situated Fleet Managers as exempt from the protections of the FLSA and the Ohio Acts.

34. Throughout their employment with Defendants, Plaintiff and other similarly situated Fleet Managers regularly worked more than 40 hours in workweeks.

35. Defendants were aware that Plaintiff and other similarly situated Fleet Managers worked more than 40 hours per workweek, yet Defendants failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

36. Plaintiff and other similarly situated Fleet Managers were not exempt from receiving overtime compensation under FLSA or the Ohio Acts.

37. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

38. For the three years preceding the filing of this Complaint, Defendants applied the same pay practices and policies to all Fleet Managers, including Plaintiff.

39. Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying Fleet Managers overtime compensation when they worked over 40 in a workweek.

40. Defendants knew or should have been aware that Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid overtime, but they willfully elected not to fully compensate their employees during all times relevant.

## IV. COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. FLSA Collective Action for Unpaid Overtime Wages.

41. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former Fleet Managers of Defendants who were paid a salary during any workweek that they worked over 40 hours

beginning three years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case. (the "FLSA Collective" or the "FLSA Collective Members").

42. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

43. In addition to Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policy and practice of only paying their Fleet Managers a salary regardless of the number of hours they worked. Defendants failed to meet the minimum requirements of the FLSA by not paying Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one and one-half times their regular rates of pay, as that phrase is defined under the FLSA, when they worked overtime hours. Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

44. The identity of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

45. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay Plaintiff and FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and FLSA Collective Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

46. Plaintiff brings her Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All Ohio current and former Fleet Managers of Defendants who were paid a salary during any workweek that they worked over 40 hours beginning three years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case. (the "Ohio Rule 23 Class," the "Rule 23 Class," or the "Ohio Rule 23 Class Members").

47. During relevant times, Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not overtime wages because of Defendants' policy and practice of only paying a salary.

48. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

49. Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

50. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

51. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

52. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

53. Questions of law and fact are common to the Ohio Rule 23 Class.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Ohio Rule 23 Class as a whole.

56. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

57. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members overtime wages when they worked in excess of forty hours in workweeks; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid overtime compensation is due to the Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; (d) whether Defendants failed to keep accurate records as required under the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

58. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate

their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V.     CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

59.     All of the preceding paragraphs are realleged as if fully rewritten herein.

60.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the FLSA Collective.

61.     During the relevant time period, Defendants employed the Named Plaintiff and the FLSA Collective Members.

62.     Named Plaintiff and the FLSA Collective Members were incorrectly paid only a salary regardless of the number of hours they worked each workweek even though they were non-exempt.

63.     Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours in a workweek in numerous workweeks during their employment.

64.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

65.     The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

66.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

67.     Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours in a workweek in numerous workweeks during their employment.

68. Named Plaintiff and the FLSA Collective Members should have been paid overtime wages for all hours worked in excess of forty hours per workweek during the three years preceding the filing of this Complaint.

69. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime wages at one-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks.

70. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

71. The exact total amount of overtime compensation that Defendants failed to pay the Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

72. As a direct and proximate result of Defendants' conduct, the Named PAlaintiff and the FLSA Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

**COUNT II**
**(R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

75. Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are an employer covered by the overtime requirements under the Ohio Wage Act.

76. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

77. Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03, but they were not correctly paid overtime wages when they worked over 40 hours in a workweek.

78. Defendants' company-wide corporate policy and/or practice of not properly paying their Fleet Managers overtime wages for each hour worked over forty (40) hours in workweeks resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

79. Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio Law.

80. Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at one-and-one-half times their correct regular rates for hours worked over forty (40) hours in a workweek because Defendants did not pay overtime. Instead, Named Plaintiff and the Ohio Rule 23 Class were only paid a salary regardless of the number of hours they worked.

81. The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

82. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

83. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

84. All of the preceding paragraphs are realleged as if fully rewritten herein.

85. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

86. During relevant times, Defendants were covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

87. The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

88. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

89. The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

90. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

91. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

92. All of the preceding paragraphs are realleged as if fully rewritten herein.

93. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

94. During times material to this complaint, Defendants were an "employer," and required to comply with the Ohio Wage Act's mandates.

95. Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

96. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

97. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the FLSA Collective pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     A declaratory judgment that Defendants' payroll policy or practice of not paying overtime wages to Named Plaintiff and the FLSA Collective as described herein violates the FLSA;

D.     Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.     Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period;

F.     Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.     Judgment for all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I.     Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II**, **III**, and **IV**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Wage Act and the OPPA, and for an Order:

J.      Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

K.      Finding that Defendants failed to keep accurate records in accordance with Ohio law, and Plaintiff, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

L.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

M.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

N.      Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

O.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

**CONTRERAS LAW, LLC**

*/s/ Peter A. Contreras*
Peter Contreras (0087530)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email:
peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff and similarly situated employees*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman